IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ELGIN MAURICE PHELPS, #321532<br>　　　　　　Petitioner<br>v.<br><br>JAMES SMITH, WARDEN, et al.<br>　　　　　　Respondents | *<br><br>*   CIVIL ACTION NO. AMD-06-1423<br><br>* |

\*　　　\*　　　\*　　　\*　　　\*

| | |
|---|---|
| ELGIN MAURICE PHELPS, #321532<br>　　　　　　Petitioner<br>v.<br><br>JAMES SMITH, WARDEN, et al.<br>　　　　　　Respondents | *<br><br>*   CIVIL ACTION NO. AMD-06-1424<br><br>* |

\*\*\*

MEMORANDUM

These actions instituted pursuant to 28 U.S.C. § 2254 were filed on June 7, 2006. Both cases assert direct attacks on petitioner's 2004 convictions in the Circuit Court for Prince George's County, Maryland. Because the petitions attack the same convictions, the matters shall be consolidated for all purposes.[1]

According to the filings, in February 2004, a jury found petitioner guilty of attempted first degree murder, attempted second degree murder, first degree assault (2 counts), and carrying a dangerous weapon, all related to a stabbing incident at a Popeye's restaurant in Prince George's County. Petitioner was sentenced to a total term of life plus 30 years. His convictions were affirmed on direct appeal by the Court of Special Appeals of Maryland on July 28, 2005.[2] According

---

[1]*Phelps v. Smith,* Civil Action No. AMD-06-1424 raises some of the grounds presented in *Phelps v. Smith,* Civil Action No. AMD-06-1423, but is accompanied by state court briefs, opinions, docket sheets, and transcript abstracts.

[2]On direct appeal petitioner raised the following grounds: (1) error in introducing evidence of a knife found in petitioner's backpack at the time of his arrest; (2) error in denying a motion for mistrial; (3) error in failing to suppress a photo identification; and (4) insufficiency of the evidence.

to petitioner, the Court of Appeals of Maryland denied his petition for writ of certiorari on May 5, 2006. He further alleges that he has not received a response from a certiorari petition filed with the United States Supreme Court. *Id*.

Petitioner claims that he filed a post-conviction petition in Prince George's County in July 2004, raising following claims: (1) ineffective assistance; (2) suppression of eyewitness and victim's testimony; (3) DNA and in-court photo identification evidence; and (4) warrantless search, seizure, and arrest. *Id*. at 4. He maintains that he has yet to receive a response from the state court.[3] *Id*.

It is difficult to decipher the § 2254 claims. Affording the pro se petitions a generous construction, they seemingly raise the following grounds: (1) unlawful warrantless search, seizure, and arrest; (2) ineffective assistance of counsel; (3) failure to test DNA evidence; (4) unconstitutional in-court photo array in June 2003 and February 2004; (5) exculpatory witness testimony and evidence; (6) false witness identification; and (7) defense counsel breach of duty during motions hearing and trial.

Before a petitioner seeks § 2254 federal habeas corpus relief, he must exhaust each claim presented to the federal court by first pursuing remedies available in the state court. *See Leonard v. Hammond*, 806 F.2d 838, 840 (4th Cir. 1986). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See O'Sullivan v. Boerckel*, 526 U. S. 838 (1999); 28 U.S.C. §§ 2254(b) & (c). In Maryland, this may be accomplished by raising certain claims on direct appeal and by way of post-conviction proceedings. *See Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994). This exhaustion requirement is not a jurisdictional prerequisite to federal habeas corpus relief but rather a matter of comity. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). It

---

[3]The exhibits indicate that a post-conviction petition was filed in the Circuit Court for Prince George's County on August 4, 2004. *See Phelps v. Smith,* Civil Action No. AMD-06-1424 at attachments.

affords the state courts the first opportunity to review federal constitutional challenges to state convictions and preserves their role in protecting federally guaranteed rights.

According to the petitions, a number of the grounds raised here are pending before the U.S. Supreme Court on certiorari and on state court post-conviction review. Plainly, none of the grounds have been fully exhausted at the state court level. Therefore, the court finds that the matter is not subject to review at this time. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982).

For the aforementioned reasons, the court shall dismiss the consolidated cases without prejudice for the failure to exhaust state court remedies.[4]  A separate Order follows.


Filed: June 14, 2006                                    /s/
                                                 Andre M. Davis
                                                 United States District Judge

---

[4] Petitioner is cautioned that his filing of a federal habeas corpus petition is subject to the one-year statute of limitations found under 28 U.S.C. § 2244(d). Section 2244(d)(1) provides that the limitation period shall run from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.